UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

INDRAWATIE DEONARINE,

    Plaintiff,                                              CASE NO.:

vs.

CONVIVA PHYSICIAN GROUP LLC,
a Florida Limited Liability Company

    Defendant.
_____/

## COMPLAINT

COMES NOW the Plaintiff, INDRAWATIE DEONARINE (hereinafter "DEONARINE"), by and through the undersigned Counsel, and sues the Defendant, CONVIVA PHYSICIAN GROUP LLC, a Florida Limited Liability Company, (hereinafter "CONVIVA" or "Defendant"), and alleges the following:

### JURISDICTION AND VENUE

1. This is a civil action with damages that exceed Fifteen Thousand Dollars ($15,000.00), exclusive of interest and costs.

2. This Court is vested with federal question jurisdiction over this action pursuant to 28 U.S.C. § 1331 for Plaintiff's claims arising under the Age Discrimination in Employment Act, 29 U.S.C. §§ 621-634. This Court has supplemental jurisdiction over Plaintiff's related claims arising under state and local laws pursuant to 28 U.S.C. § 1367.

3. Venue lies within the Southern District of Florida, West Palm Beach Division, pursuant to 28 U.S.C. § 1391(b) because all actions relevant giving rise to this claim arose in this Judicial Circuit.

## ADMINISTRATIVE PREREQUISITES

4. All conditions precedent to the maintenance of this action have been met.

5. On or about April 26, 2021, Plaintiff, DEONARINE, timely filed a Charge of Discrimination with both the Palm Beach County Office of Equal Opportunity ("OEO") and the U.S. Equal Employment Opportunity Commission ("EEOC"). A copy of said Charge is attached hereto as **Exhibit "A"**.

6. A Notice of Dismissal was issued with regard to DEONARINE'S Charge of Discrimination following DEONARINE's request for the issuance of a Right to Sue Notice. A copy of the Notice of Dismissal is attached hereto as **Exhibit "B"**.

7. On or about August 5, 2021, the EEOC issued a Notice of Right to Sue. A copy of said Notice of Right to Sue is attached hereto as **Exhibit "C"**.

8. This Complaint is being filed within ninety (90) days of receipt of the Notice of Right to Sue.

## PARTIES

9. Plaintiff, DEONARINE is an individual who resided in Palm Beach County, Florida, during the time of her employment with CONVIVA.

10. At all times herein mentioned, DEONARINE was employed by CONVIVA located at 5849 Okeechobee Blvd., West Palm Beach, FL 33412.

11. DEONARINE was and is a member of a group protected under the Age Discrimination and Employment Act of 1967, 29 U.S.C. §§ 621-634 (ADEA) and the Florida Civil Rights Act, Fla. Stat. Ann. § 760.01 (FCRA)'s prohibitions against age discrimination and a hostile work environment. Namely:

   a. She was fifty (50) years of age at the time she was terminated; and

      b. She suffered an adverse employment action after experiencing hostility in the workplace due to her age and unfavorable treatment compared to her younger colleagues.

12. CONVIVA is duly authorized and licensed to do business in Palm Beach County, Florida. At all times material, CONVIVA was and is engaged in the business of providing healthcare services with more than twenty (20) employees. As such, CONVIVA is an "employer" as defined by the ADEA and the FCRA.

## GENERAL ALLEGATIONS

13. DEONARINE was employed at CONVIVA on a continuous basis for more than fifteen (15) years from December 2005 through March 31, 2021.

14. In 2005, DEONARINE was hired by CONVIVA as a Medical Assistant. DEONARINE served in this capacity under Alex Rosen, M.D. until October 2020.

15. Following the termination of Dr. Rosen, DEONARINE worked as a "floater" medical assistant for several weeks, assisting where needed.

16. In December 2020, DEONARINE began working in her capacity as a Medical Assistant with Dr. Neshagay Edwards.

17. By all accounts, DEONARINE excelled at her position, having not received a single disciplinary warning during the first fifteen (15) years that she was employed by CONVIVA from December 2005 through December 2020. Notwithstanding, on March 31, 2021, CONVIVA terminated DEONARINE not as a result of her performance but due to improper discriminatory and illegal reasons.

18. While working with Dr. Edwards, DEONARINE's supervisor was Brian Alvarez.

19. In or around December 2020, CONVIVA hired Arlene Colon, who was younger than DEONARINE and had less experience than DEONARINE, as a Lead Medical Assistant.

20. At no time prior to Ms. Colon's hire was DEONARINE notified of an open position with CONVIVA or advised of a possible promotional position she would likely be qualified to fill.

21. CONVIVA advised DEONARINE that Ms. Colon was hired to assist medical assistants, but that she was also the "head" of the medical assistants.

22. Around the same time as Ms. Colon's hire, Mr. Alvarez began calling DEONARINE into his office between one and two times per week to issue DEONARINE verbal warnings for alleged wrongdoings despite DEONARINE's prior history of good work performance and no prior disciplinary issues. The discipline allegedly surrounded DEONARINE's failure to complete enough task. However, DEONARINE was working longer hours than the other medical assistants who did not fall in her subject group, including Ms. Colon.

23. During these verbal warnings, Mr. Alvarez would consistently and repeatedly state to DEONARINE that she had been with CONVIVA for a long time, stressing her age and tenure.

24. In January 2021, DEONARINE reported to Mr. Alvarez that she had been working late based on Dr. Edwards' schedule, but that Ms. Colon, the supposed Lead Medical Assistant, left at 5PM each day even if the day's work had not been completed.

25. Rather than address DEONARINE's concerns over the disparate treatment between the two (as well as the other medical assistants who were not part of DEONARINE's subject group), Mr. Alvarez and CONVIVA continued to target DEONARINE. Specifically, CONVIVA, through Mr. Alvarez, told DEONARINE that she needed to work "faster" to be done by 5PM as she was slow in completing her work. While being told to speed up her work by Mr. Alvarez, Dr. Edwards told DEONARINE to "slow down."

4

26. Not only was DEONARINE targeted for allegedly "slow" work, but DEONARINE was also disciplined based on Dr. Edwards' time management. For example, Dr. Edwards received complaints that she took too long to enter a patient's room based on the patient's appointment time. Rather than discipline Dr. Edwards for this issue, CONVIVA warned DEONARINE that it was her responsibility to help Dr. Edwards get to the room on time.

27. On February 2, 2021, CONVIVA issued DEONARINE a written warning, which included a 30-day probation to improve her work performance.

28. DEONARINE responded to the written warning, which was fabricated and unjustified, by working harder, continuing to stay late at work to finish her duties. Despite the commitment to her position, the verbal warnings regarding time management and efficiency returned by mid-March.

29. On March 31, 2021, CONVIVA terminated DEONARINE's position under the pretext of time efficiency although DEONARINE consistently accomplished her work tasks and was regularly complimented on her work ethic and commitment to the company. This included from Dr. Edwards who at no point in time ever complained about DEONARINE.

30. CONVIVA's termination of DEONARINE was not as a result of her performance but due to improper discriminatory and illegal reasons. Specifically, CONVIVA targeted and terminated DEONARINE under pretext as a result of her age.

31. CONVIVA, upon information and belief, has a recent history of terminating employees over the age of forty while retaining and promoting younger employees with less experience.

32. In addition to the DEONARINE, CONVIVA has extended its pattern of terminating senior employees in favor of younger ones, including, without limitation, Dr. Leon Poveda, age

5

sixty-five (65), Dr. Orlando Cuadra, over sixty (60) years of age, Dr. Alex Rosen, age fifty-eight (58), Elsa Betanzos, age sixty-two (62), Kimberly Newkirk, age fifty-seven (57), and Beth Walker, age sixty (60).

33. Plaintiff, Indra Deonarine, due to the adverse employment actions she has faced due to discrimination because of her age, has been required to retain the legal services of the undersigned Counsel to enforce her rights and is required to pay her attorney a reasonable fee for services rendered in this case.

## COUNT I– AGE DISCRIMINATION IN VIOLATION OF THE AGE DISCRIMINATION IN EMPLOYMENT ACT, 29 U.S.C. §§ 621-634

34. Plaintiff DEONARINE adopts and incorporates by reference the allegations in Paragraphs 1 through 33 of this Complaint as if fully set forth herein.

35. Under the ADEA, "it shall be unlawful for an employer – (1) to fail or refuse to hire or to discharge any individual or otherwise discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's age; [AND] (2) to limit, segregate, or classify his employees in any way which would deprive or tend to deprive any individual of employment opportunities or otherwise adversely affect his status as an employee, because of such individual's age." 29 U.S.C. § 623.

36. CONVIVA is an "employer" as defined by the ADEA.

37. DEONARINE was fifty-years-old (50) and qualified for her position with CONVIVA when her employment was terminated.

38. After approximately fifteen (15) years of having DEONARINE serve as CONVIVA as a Medical Assistant, CONVIVA hired a significantly younger individual for a Lead Medical Assistant position for which DEONARINE was fully qualified.

39. At the time of her termination, DEONARINE was one of the most tenured Medical Assistant's at her facility at CONVIVA. In the time leading up to her dismissal, DEONARINE saw significantly younger employees, without her practical experience being hired and promoted, but she was never considered or offered any such promotions or advancements.

40. Although DEONARINE was recognized for her hard work and commitment throughout the first fifteen (15) years of her employment, CONVIVA began to target her in December 2020 as she approached the age of fifty (50).

41. CONVIVA began to single out DEONARINE for allegedly "slow" work and make comments and issue verbal warnings regarding DEONARINE's time management and time efficiency.

42. Even after DEONARINE stayed late to complete all tasks and fully complied with her 30-day probation notice issued in February 2021, CONVIVA continued to make comments to DEONARINE about how long she'd been with the company, how she should know better, and that she had time management issues.

43. CONVIVA crafted a pretext to effectuate DEONARINE's termination, issuing verbal and written warnings that were unsupported by DEONARINE's actual work performance.

44. CONVIVA'S unlawful employment practices, complained of above, deprived DEONARINE of her statutory rights under the ADEA.

45. CONVIVA and its employees/agents discriminated against DEONARINE with respect to her employment because of her age by subjecting DEONARINE to an insulting work environment and by terminating her based on her age.

46. As a direct and proximate result of CONVIVA's conduct and its employees' actions, DEONARINE has suffered irreparable harm through her loss of gainful employment and

through the loss of valuable employment benefits, including group health insurance, life insurance, and disability insurance, all of which she would have continued to receive had she not been unlawfully terminated.

47. As a direct and proximate result of the foregoing, DEONARINE has suffered and continues to suffer embarrassment, humiliation, emotional distress, economic losses, and other forms of damage.

48. What is more, CONVIVA willfully violated DEONARINE's rights under the ADEA and, as a result, is liable for liquidated damages.

## COUNT II – AGE DISCRIMINATION IN VIOLATION OF THE FLORIDA CIVIL RIGHTS ACT OF 1992

49. Plaintiff DEONARINE adopts and incorporates by reference the allegations in Paragraphs 1 through 33 of this Complaint as if fully set forth herein.

50. At all times material hereto, CONVIVA failed to comply with the FCRA, which states, in part, that it is an unlawful employment practice for an employer "[t]o discharge or to fail or refuse to hire any individual, or otherwise to discriminate against any individual with respect to compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, national origin, age, handicap, or marital status."

51. CONVIVA is an "employer" as defined by § 760.09(7) of the Florida Statutes.

52. At the time of her termination, DEONARINE was fifty-years-old (50) and guaranteed specific civil rights under the Florida Civil Rights Act of 1992, Fla. Stat. 760.10 et. seq.

53. At all times necessary, DEONARINE was qualified to perform her duties as a Medical Assistant.

54. After approximately fifteen (15) years of having DEONARINE serve as CONVIVA as a Medical Assistant, CONVIVA hired a significantly younger individual for a Lead Medical Assistant position for which DEONARINE was fully qualified.

55. At the time of her termination, DEONARINE was one of the most tenured Medical Assistant's at her facility at CONVIVA. In the time leading up to her dismissal, DEONARINE saw significantly younger employees, without her practical experience being hired and promoted, but she was never considered or offered any such promotions or advancements.

56. Although DEONARINE was recognized for her hard work and commitment throughout the first fifteen (15) years of her employment, CONVIVA began to target her in December 2020 as she approached the age of fifty (50).

57. CONVIVA began to single out DEONARINE for allegedly "slow" work and make comments and issue verbal warnings regarding DEONARINE's time management and time efficiency.

58. Even after DEONARINE stayed late to complete all tasks and fully complied with her 30-day probation notice issued in February 2021, CONVIVA continued to make comments to DEONARINE about how long she'd been with the company, how she should know better, and that she had time management issues.

59. CONVIVA crafted a pretext to effectuate DEONARINE's termination, issuing verbal and written warnings that were unsupported by DEONARINE's actual work performance.

60. CONVIVA's unlawful employment practices, complained of above, deprived DEONARINE of her statutory rights under the FCRA.

61. CONVIVA and its employees/agents discriminated against DEONARINE with respect to her employment because of her age by subjecting DEONARINE to an insulting work environment, and by terminating her based on her age.

62. DEONARINE's termination constituted an adverse employment action against her which was causally related to DEONARINE's age.

63. Similarly situated male and female employees who were not of DEONARINE's age were treated more favorably by CONVIVA and were not terminated because of their age as referred to in the General Allegations of this Complaint.

64. As a direct and proximate result of CONVIVA's conduct and its employees' actions, DEONARINE has suffered irreparable harm through her loss of gainful employment and through the loss of valuable employment benefits, including group health insurance, life insurance, and disability insurance, all of which she would have continued to receive had she not been unlawfully terminated.

65. As a direct and proximate result of the foregoing, DEONARINE has suffered and continues to suffer embarrassment, humiliation, emotional distress, economic losses, and other forms of damage.

66. Any alleged nondiscriminatory reason for this treatment of DEONARINE by CONVIVA is a mere pretext for the actual reason for discriminating against her based on her age.

67. What is more, the aforementioned actions of CONVIVA were willful, wanton, intentional, and with malice or with reckless indifference to DEONARINE's statutorily protected rights and the consequences of such actions, such that DEONARINE is entitled to punitive damages.

**COUNT III – HOSTILE WORK ENVIRONMENT BASED ON AGE IN VIOLATION OF THE AGE DISCRIMINATION IN EMPLOYMENT ACT, 29 U.S.C. §§ 621 ET SEQ.**

68. Plaintiff DEONARINE adopts and incorporates by reference the allegations in Paragraphs 1 through 33 of this Complaint as if fully set forth herein.

69. A hostile work environment exists, in violation of 29 U.S.C. § 623(a), when (1) an employee belongs to a protected group, (2) the employee has been subject to unwelcome harassment, (3) the harassment was based on a protected characteristic, (4) the harassment was sufficiently severe or pervasive to alter the terms and conditions of employment and create a discriminatorily abusive working environment, and (5) the employer is responsible for such environment under a theory of vicarious or direct liability.

70. At the time of her termination, DEONARINE was a fifty-year-old female who was guaranteed specific civil rights under the ADEA.

71. During the course and scope of DEONARINE's employment, CONVIVA and its management level employees subjected DEONARINE to unwelcome harassment because of her age from around December 2020 through and including her termination.

72. Specifically, after approximately fifteen (15) years of having DEONARINE serve as a Medical Assistant with CONVIVA and receiving no complaints or reprimands during that time, CONVIVA began to target DEONARINE, failing to advise her of an opportunity for promotion to Lead Medical Assistant and singling DEONARINE out for pretextual work performance concerns, which included constant verbal warnings about work issues outside of DEONARINE's control, and complaints about her time management.

73. The harassment that CONVIVA inflicted upon DEONARINE was sufficiently severe and pervasive to alter the terms and conditions of her employment with CONVIVA and create a discriminatorily abusive working environment, such that DEONARINE constantly felt discriminated against and her employment threatened.

74. The conduct inflicted upon DEONARINE was so severe or pervasive that it created an environment where a reasonable person would find it hostile or abusive.

75. DEONARINE perceived the work environment at CONVIVA as abusive.

76. The harassment occurred frequently, was humiliating, and unreasonably interfered with DEONARINE's ability to perform her job responsibilities with CONVIVA.

77. DEONARINE is liable because its supervisory personnel were responsible for the discriminatory actions complained of, which actions were in violation of law, and CONVIVA took no corrective action to stop and/or prevent said harassment.

78. In fact, management at CONVIVA took an active role in the discriminatory actions against DEONARINE, specifically requiring DEONARINE to work longer hours than any other Medical Assistant, including the Lead Medical Assistant.

79. CONVIVA knew or should have known about their discriminating actions, as listed above, and CONVIVA failed to take prompt remedial action, in violation of the ADEA.

80. As a direct and proximate result of CONVIVA's conduct and its employees' actions, DEONARINE has suffered irreparable harm through her loss of gainful employment and through the loss of valuable employment benefits, including group health insurance, life insurance, and disability insurance, all of which she would have continued to receive had she not been unlawfully terminated.

81. As a direct and proximate result of the foregoing, DEONARINE has suffered and continues to suffer embarrassment, humiliation, emotional distress, economic losses, and other forms of damage.

82. What is more, CONVIVA willfully violated DEONARINE's rights under the ADEA and, as a result, is liable for liquidated damages.

## COUNT IV – HOSTILE WORK ENVIRONMENT BASED ON AGE IN VIOLATION OF THE FLORIDA CIVIL RIGHTS ACT OF 1992

83. Plaintiff DEONARINE adopts and incorporates by reference the allegations in Paragraphs 1 through 33 of this Complaint as if fully set forth herein.

84. A hostile work environment exists, in violation of Fla. Stat. Chapter 760.10(1)(a), when (1) an employee belongs to a protected group, (2) the employee has been subject to unwelcome harassment, (3) the harassment was based on a protected characteristic, (4) the harassment was sufficiently severe or pervasive to alter the terms and conditions of employment and create a discriminatorily abusive working environment, and (5) the employer is responsible for such environment under a theory of vicarious or direct liability.

85. At the time of her termination, DEONARINE was a fifty-year-old female who was guaranteed specific civil rights under the Florida Civil Rights Act of 1992, Fla. Stat. 760.10 et. seq.

86. During the course and scope of DEONARINE's employment, CONVIVA and its management level employees subjected DEONARINE to unwelcome harassment because of her age from around December 2020 through and including her termination.

87. Specifically, after approximately fifteen (15) years of having DEONARINE serve as a Medical Assistant with CONVIVA and receiving no complaints or reprimands during that time, CONVIVA began to target DEONARINE, failing to advise her of an opportunity for promotion to Lead Medical Assistant and singling DEONARINE out for pretextual work performance concerns, which included constant verbal warnings about work issues outside of DEONARINE's control, and complaints about her time management.

88. The harassment that CONVIVA inflicted upon DEONARINE was sufficiently severe and pervasive to alter the terms and conditions of her employment with CONVIVA and

create a discriminatorily abusive working environment, such that DEONARINE constantly felt discriminated against and her employment threatened.

89. The conduct inflicted upon DEONARINE was so severe or pervasive that it created an environment where a reasonable person would find it hostile or abusive.

90. DEONARINE perceived the work environment at CONVIVA as abusive.

91. The harassment occurred frequently, was humiliating, and unreasonably interfered with DEONARINE's ability to perform her job responsibilities with CONVIVA.

92. DEONARINE is liable because its supervisory personnel were responsible for the discriminatory actions complained of, which actions were in violation of law, and CONVIVA took no corrective action to stop and/or prevent said harassment.

93. In fact, management at CONVIVA took an active role in the discriminatory actions against DEONARINE, specifically requiring DEONARINE to work longer hours than any other Medical Assistant, including the Lead Medical Assistant.

94. CONVIVA knew or should have known about their discriminating actions, as listed above, and CONVIVA failed to take prompt remedial action, in violation of the FCRA.

95. As a direct and proximate result of CONVIVA's conduct and its employees' actions, DEONARINE has suffered irreparable harm through her loss of gainful employment and through the loss of valuable employment benefits, including group health insurance, life insurance, and disability insurance, all of which she would have continued to receive had she not been unlawfully terminated.

96. As a direct and proximate result of the foregoing, DEONARINE has suffered and continues to suffer embarrassment, humiliation, emotional distress, economic losses, and other forms of damage.

97. What is more, the unlawful employment practices complained of above committed by CONVIVA's were willful, wanton, intentional and with malice or with reckless indifference to DEONARINE's statutorily protected rights, such that DEONARINE is entitled to punitive damages.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, INDRAWATIE DEONARINE, demands judgment against Defendant, CONVIVA PHYSICIAN GROUP LLC, a Florida Limited Liability Company, and requests the following relief:

1. Enter judgment in favor of DEONARINE for CONVIVA's violations of the ADEA and the FCRA.

2. Award DEONARINE actual damages suffered;

3. Award back pay and value of lost employment benefits to DEONARINE;

4. Award front pay to DEONARINE for the years she would have worked absent CONVIVA's discriminatory treatment;

5. Enter judgment in favor of DEONARINE for compensatory damages for the embarrassment, anxiety, humiliation, and emotional distress DEONARINE has suffered and continues to suffer;

6. Award DEONARINE punitive damages;

7. Award to DEONARINE all costs and reasonable attorney's fees incurred in connection with this action;

8. Award prejudgment interest on all monetary recovery obtained;

9. An injunction permanently enjoining CONVIVA PHYSICIAN GROUP LLC, a Florida Limited Liability Company, its officers, agents, employees, assigns and all persons in active

concert of participation with them from engaging in any employment practice which discriminates on the basis of age; and

10. Grant such additional or alternative relief as may appear to the court to be just and equitable.

## JURY TRIAL DEMAND

Plaintiff, INDRAWATIE DEONARINE, demands a trial by jury on all issues so triable.

Dated September 3, 2021.

        **Sconzo Law Office, P.A.**
        3825 PGA Boulevard, Suite 207
        Palm Beach Gardens, FL 33410
        Telephone: (561) 729-0940
        Facsimile: (561) 491-9459

        By: **/s/ Gregory S. Sconzo**
        GREGORY S. SCONZO, ESQUIRE
        Florida Bar No.: 0105553
        SAMANTHA L. SIMPSON, ESQ.
        Florida Bar No.: 1010423
        **Primary Email:** greg@sconzolawoffice.com
        **Primary Email:** samantha@sconzolawoffice.com
        **Secondary Email:** alexa@sconzolawoffice.com